IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PROTECTION & ADVOCACY SERVICES, Inc., | ) ) ) |
| Complainant, | ) ) |
| vs. | ) Case No.: 4:11-cv-1921 ) ) |
| SUNRISE SENIOR LIVING MANAGEMENT INC., d/b/a SUNRISE OF DES PERES, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff/Complainant Missouri Protection & Advocacy Services (hereinafter "MO P&A"), pursuant to FRCP 57 and 28 U.S.C. §2201, brings this action for declaratory judgment to challenge the refusal of Defendant, Sunrise Senior Living Management Inc., d/b/a Sunrise of Des Peres[hereinafter "Sunrise"] to provide documents relating to Jane Doe, an individual with a mental illness who died on July 1, 2011 while a resident of the Sunrise of Des Peres nursing home in St. Louis, Missouri.

2.  Pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter PAIMI Act), 42 U.S.C. §§ 10805 and 10806, MO P&A is entitled to obtain and review copies of records of persons with mental illness to whom it provides services, and to investigate allegations of death, abuse and neglect of persons with mental illness.

1

3. MO P&A is granted the authority under the federal PAIMI Act to investigate incidents of death, abuse and neglect of individuals with mental illness if the incidents are reported to MO P&A or if MO P&A has probable cause to believe the incidents occurred. 42 U.S.C. § 10805 (a)(1)(A). As part of the investigative authority in the PAIMI Act, MO P&A also has the authority to access the records of any person who is deceased, and for whom MO P&A has received a complaint that the individual has been subject to abuse or neglect, or has determined that probable cause exists to suspect abuse or neglect. 42 U.S.C § 10805(a)(4)(B). Further, if the record custodian refuses to provide records, MO P&A is authorized to be provided promptly with a written statement of the reasons for the denial. 42 C.F.R. § 51.43.

4. As set forth below, MO P&A, through its duly authorized advocacy staff employees and counsel, have made repeated requests to Sunrise for the records related to Jane Doe. Specifically, MO P&A has requested documentation requesting and/or authorizing hospice care, including documentation on Jane Doe's diagnoses.

5. Sunrise's refusal to provide the requested records to MO P&A violates the PAIMI Act.

6. Sunrise's refusal to provide the requested records has impeded and obstructed MO P&A's attempts to discharge its federal statutory duty to complete an investigation of the allegations of abuse and neglect regarding Jane Doe.

7. MO P&A seeks a declaratory judgment that Sunrise, by refusing to provide MO P&A the requested records, has violated federal law, and further seeks a preliminary and permanent injunction requiring Sunrise to provide the requested records to MO P&A forthwith.

## JURISDICTION AND VENUE

8. This action is authorized by 28 U.S.C. §§ 2201-02, and 42 U.S.C. § 10807. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) & (c) in that, at all times relevant hereto, Sunrise is a corporation doing business in St. Louis County, Missouri, and is subject to personal jurisdiction in the State of Missouri and the Eastern District Federal Court.

## PARTIES

10. MO P&A is a non-profit, public interest law firm designated by the Governor of the State of Missouri as the federally mandated legal advocacy system in the State of Missouri for protection of the rights of persons with disabilities, including but not limited to protection and advocacy of the rights of persons with mental illness, pursuant to the federal Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. §10801, *et. seq.* As such, MO P&A is authorized to pursue legal, administrative, and other appropriate remedies on behalf of individuals with mental illness pursuant to 42 U.S.C. § 10801 *et seq*. and 42 U.S.C. § 10807. MO P&A spends considerable time and resources monitoring and investigating conditions and allegations of abuse and neglect at private and state institutions; and in advocating for the rights of people residing in those institutions.

11. Defendant Sunrise is a foreign corporation authorized to conduct business in the State of Missouri which, at all times material to this action, has owned, managed and operated an intermediate care facility ["ICF"] in St. Louis County, Missouri.

## FACTS

12. On April 1, 2011, MO P&A opened an investigation based on a complaint that Jane Doe had been the victim of abuse and neglect.

13. On August 1, 2011, and after the death of Jane Doe, a duly authorized MO P&A Advocacy Specialist sent correspondence to Sunrise, requesting the records of Jane Doe's primary physician, specifically requesting "documentation requesting and/or authorizing hospice care and the accompanying documentation, including her diagnoses."

14. On August 8th, 2011 MO P&A's Advocacy Specialist received a call from Sunrise's attorneys, indicating that the records could not be produced absent a signed release from a personal representative or a court order.

15. Counsel for MO P&A contacted Sunrise's attorneys on August 8th, 2011 and agreed to forward written authorities for MO P&A's access rights notwithstanding the absence of a release.

16. On August 9th, 2011, counsel for MO P&A forwarded detailed written authorities and citations setting forth MO P&A's rights to access Jane Doe's records under federal law.

17. On August 20th, 2011, counsel for Sunrise contacted MO P&A's attorney by telephone and indicated they would not be able to forward the requested documents absent a court order.

18. MO P&A has made repeated, good faith, and diligent efforts to obtain the above-mentioned records from Defendants without resorting to litigation.

19. Defendants have refused access to the records sought, and have failed to cite to any exception to the federal PAIMI Act for MO P&A's access rights, or any other authority supporting their refusal to provide the records.

## CLAIM

### PROTECTION AND ADVOCACY FOR INDIVIDUALS WITH MENTAL ILLNESS ACT

20. The State of Missouri receives federal funds under the Protection and Advocacy for Individuals with Mental Illness Act, ("PAIMI"), and therefore, it is required to have in effect a system to protect and advocate for the rights of individuals with mental illness. 42 U.S.C.§ 10803. MO P&A has been designated by state officials to be that system. MO P&A is the sole "eligible system" in the State of Missouri under the PAIMI Act, (see 42 U.S.C. § 10802(2)) which is designated to "(A) protect and advocate the rights of individuals with mental illness; and (B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. 10803(2)(A) and (B).

21. The PAIMI Act authorizes MO P&A to have access to records concerning any individual with a mental illness who has died or who may be unable to authorize access due to a physical or mental condition, and MO P&A has probable cause to believe the individual has been the subject of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B) and § 10806 *et seq*. This investigatory authority includes investigations of abuse and neglect of individuals with mental illness who reside in nursing homes and board and care homes. 42 U.S.C. § 10802(1), (3),(4)(A) & (4)(B)(i)(I); 42 C.F.R. Ch. 1, Part 51.2.

22. Mo P&A is specifically entitled to, among other records, "Information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services, including medical records, financial records, and reports prepared or received by a member of the staff of a facility or program rendering care or treatment." 42 C.F.R. § 51.41(c)(1).

23. MO P&A's request for records and investigational information pertaining to Jane Doe falls within the description of records contained in 42 U.S.C. §§ 10805-10806 and 42 C.F.R. § 51.41.

24. By refusing to provide the access requested by MO P&A, Sunrise has violated the federal PAIMI Act and the regulations promulgated pursuant to same.

25. Due to Sunrise's violation of the PAIMI Act, MO P&A is irreparably harmed as it is prevented from carrying out its responsibilities under the Act, and has been forced to expend considerable time, personnel resources, and financial resources to attempt to comply with its federal statutory mandate in this matter.

26. Unless Defendants are enjoined to provide to MO P&A the records access required by the PAIMI Act, MO P&A will continue to be irreparably harmed and will be unable to fully protect and advocate for persons with disabilities.

27. There is no remedy at law available to Plaintiff.

WHEREFORE, MO P&A requests that the Court exercise its jurisdiction over this action; that the Court declare that Sunrise's actions and inactions violate the PAIMI Act; that the Court order Sunrise to provide MO P&A the following: documentation requesting and/or authorizing hospice care and the accompanying documentation, including Jane Doe's diagnoses,

and any further records requested by MO P&A related to the care, treatment & death of Jane Doe.  MO P&A further requests that the Court issue such other relief as may be just, equitable and appropriate, including an award of reasonable attorney's fees and expenses.

Respectfully Submitted,

/S/  MATTHEW L. GROSSMANN # 58800MO
Staff Attorney II
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
Overland, MO  63114
(314) 785-1702 ext. 222
(314) 785-1707 facsimile
matthew.grossmann@mo-pa.org

/S/ SUSAN K. ECKLES #38641MO
Managing Attorney
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
St. Louis, MO 63114
314-785-1702 Telephone;
314-785-1707  Facsimile
susan.eckles@mo-pa.org E-Mail