IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PROTECTION & ADVOCACY SERVICES, Inc., | ) ) ) |
| Complainant, | ) ) |
| vs. | ) Case No.: 4:11-cv-1921 ) ) |
| SUNRISE SENIOR LIVING MANAGEMENT INC., d/b/a SUNRISE OF DES PERES, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER**

Comes now Missouri Protection and Advocacy Services [hereafter "MO P&A"], and for its Opposition to Defendant's Motion for Protective Order, states as follows:

**I.   HIPAA DOES NOT CONFLICT WITH AND IS NOT APPLICABLE TO MO P&A'S ACCESS RIGHTS UNDER THE PAIMI ACT.**

MO P&A's enabling legislation contains express, judicially enforceable requirements for the disclosure of records of individuals, including medical information:

> "Under the DD and PAIMI Acts, a P & A system must have certain powers. The system 'shall ... have the authority to investigate incidents of abuse and neglect ... if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.' § 15043(a)(2)(B); § 10805(a)(1)(A). Subject to certain statutory requirements, it must be given access to 'all records' of individuals who may have been abused, see § 15043(a)(2)(I)(iii)(II); § 10805(a)(4)(B)(iii), as well as 'other records that are relevant to conducting an investigation,' § 15043(a)(2)(J)(I). The Acts also require that a P & A system have authority to 'pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of" its charges. § 15043(a)(2)(A)(I); see §

1

10805(a)(1)(B). And in addition to pressing its own rights, a P & A system may 'pursue administrative, legal, and other remedies on behalf of' those it protects. § 10805(a)(1)(c); see § 15044(b)."

*Virginia Office for Protection and Advocacy v. Stewart*,  131 S.Ct. 1632, 1636 (U.S.,2011).

MO P&A has authority to access records of any person who is deceased, and for whom MO P&A has received a complaint that the individual has been subject to abuse or neglect, or has determined that probable cause exists to suspect abuse or neglect.  42 U.S.C. § 10805(a)(4)(B).  In the case of a deceased person, MO P&A is entitled to access such records without consent from another party where there is no guardian or other legal representative. *Alabama Disabilities Advocacy Program v. J.S. Tawater Development Center,* 97 F.3d 492, 497 (11th Cir., 1996).

MO P&A's authority to access records is not affected by the regulations implementing the Health Insurance Portability and Accountability Act (HIPAA).  The HIPAA regulations provide that health care providers and other entities covered under the regulations "may use or disclose protected health information to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law." 45 C.F.R. § 164.512(a)(1).  That section also provides that covered entities may disclose protected health information without the written authorization of the individual to whom the information pertains.  The disclosures of information to a P&A are "required by law" within the meaning of the regulation.  See the definition of that term, at 45 C.F.R. § 164.103, which states that "required by law means a mandate contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law.  Required by law includes ... a civil or authorized investigative demand ... and statutes or regulations that

require production of information." As discussed above and in MO P&A's Complaint, MOP&A's enabling legislation contains express, judicially enforceable requirements for the disclosure of records of individuals, including medical information.

Federal courts have specifically held that statutes such as HIPAA, FERPA as well as the Medicaid Act do not limit or bar a P&A System's access rights. *See Disability Rights Wisconsin, Inc. v. State of Wisconsin Department of Public Instruction,* 463 F.3d 719 (7th Cir., 2006) (holding FERPA not in conflict); *Protection & Advocacy System, Inc.*, 412 F.Supp.2d 1211 (D.Wyoming, 2006) (holding HIPAA and Medicaid Act not in conflict).

Moreover, the U.S. Department of Health and Human Services has published a public Q&A bulletin on this topic, clearly stating that the PAIMI Act does not conflict with HIPAA:

## May a covered entity disclose protected health information to a Protection and Advocacy system where the disclosure is required by law?

**Answer:**

Yes. The Privacy Rule permits a covered entity to disclose protected health information (PHI) without the authorization of the individual to a state-designated Protection and Advocacy (P&A) system to the extent that such disclosure is required by law and the disclosure complies with the requirements of that law. 45 CFR 164.512(a). The Developmental Disabilities Assistance and Bill of Rights Act (DD Act) provides for each state to designate a public or private entity as the Protection and Advocacy system to protect and advocate for the rights of individuals with developmental disabilities, including investigating incidents of abuse or neglect. The P&A designated pursuant to the DD Act is also the Protection and Advocacy system for purposes of the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act) and is empowered to protect and advocate for the rights of individuals with mental illness. These statutes and their implementing regulations require that access to records be provided to P&As under certain circumstances. See the DD Act at 42 USCA 15043(a)(2)(I) and (J) and the PAIMI Act at 42 USCA 10805(a)(4), and their implementing regulations at 45 CFR 1386.22 and 42 CFR 51.41, respectively. Thus, a covered entity may disclose PHI as required by the DD and PAIMI Acts to P&As requesting access to

such records in carrying out their protection and advocacy functions under these Acts. Similarly, covered entities may disclose PHI to P&As where another federal, state or other law mandates such disclosures, consistent with the requirements in such law. Where disclosures are required by law, the Privacy Rule's minimum necessary standard does not apply, since the law requiring the disclosure will establish the limits on what should be disclosed. Moreover, with respect to required by law disclosures, a covered entity cannot use the Privacy Rule as a reason not to comply with its other legal obligations.

Section 164.512(a)(2) provides that in making a "required by law" disclosure about adult abuse, neglect or domestic violence (section 164.512(c)), for judicial or administrative proceedings (section 164.512(e)), or for law enforcement purposes (section 164.512(f)), covered entities must also comply with any additional privacy requirements in these provisions that apply. However, none of the additional procedural protections in sections 164.512(c), (e) and (f) apply to the type of "required by law" disclosures to P&As under the provisions of the DD and PAIMI Acts discussed here.

http://www.hhs.gov/ocr/privacy/hipaa/faq/disclosures_required_by_law/909.html.

## II. THERE IS NO LEGAL GUARDIAN, CONSERVATOR, OR LEGAL REPRESENTATIVE FOR THE DECEASED TO AUTHORIZE DISCLOSURE UNDER THE PAIMI ACT OR ENABLING REGULATIONS.

Although it is true that during her life Jane Doe did have a legal guardian, that fact became irrelevant upon her death. Under Missouri law, guardianships and conservatorships terminate at death. Mo.Rev.Stats § 475.083 (2011). In the case of a deceased person, MO P&A is entitled to access such records without consent from another party. *Alabama Disabilities Advocacy Program v. J.S. Tawater Development Center,* 97 F.3d 492, 497 (11th Cir., 1996) (consent for release of records from guardian of deceased person need not be obtained as the guardianship terminated at death). Thus, Jane Doe, deceased, "does not have a legal guardian, conservator, or other legal representative" as defined under the PAIMI ACT. 42 U.S.C. § 10805(a)(4)(B)(ii).

Defendant admits that there is no legal representative that has been appointed by any

court to execute an authorization for release of information. *Motion for Protective Order*, ¶ 5. They argue, however, that because Jane Doe's husband is named Executor in her Last Will and Testament, that he is a personal representative under HIPAA.

First, and as discussed above, HIPAA is not applicable to MO P&A's access rights in this matter. Moreover, an executor of a deceased estate does not fall within the specific definitions of a legal representative under the PAIMI Regulations. The regulations define legal representative as follows:

> Legal Guardian, Conservator, and Legal Representative all mean an individual whose appointment is made and regularly reviewed by a State court or agency empowered under State law to appoint and review such officers, and having authority to consent to health/mental health care or treatment of an individual with mental illness. It does not include persons acting only as a representative payee, persons acting only to handle financial payments, attorneys or persons acting on behalf of an individual with mental illness only in individual legal matters, or officials responsible for the provision of health or mental health services to an individual with mental illness, or their designees.

42 CFR § 51.2

An executor who is merely handling the wrapping up of a deceased estate does not fall under the above definition. At best, he would fall under the *exclusion* of a person "acting on behalf of an individual with mental illness only in individual legal matters." As such, there is simply no validity to the argument that a "legal representative" exists to release the sought upon information.

### III.     A PROTECTIVE ORDER IS NOT NECESSARY, IN THAT MO P&A IS BOUND BY ITS OWN FEDERAL CONFIDENTIALITY REQUIREMENTS.

Confidential information kept or obtained by a Protection and Advocacy System shall remain confidential and may not be subject to disclosure. 42 U.S.C. § 10806(a), 42 C.F.R. §

51.45(a).  In fact, MO P&A is under the same duty to keep confidential the information obtained from a provider of mental health services as the provider itself.  42 U.S.C. § 10806(a).

MO P&A can only use the information obtained from records it receives in limited, enumerated ways.  MO P&A can share the information with the individual client who is the subject of the record or report or other document, or with his or her legally authorized representative, subject any limitation on disclosure to recipients of mental health services.  42 C.F.R. 51.46(a).  It can issue a public report of the results of an investigation *that maintains the confidentiality of individual clients*.  42 C.F.R. § 51.45(b)(1).  It can further report the results of an investigation to responsible investigative or enforcement agencies including, but not limited to, agencies that are responsible for facility licensing or accreditation, employee discipline, employee licensing or certification suspension or revocation, or criminal prosecution. 42 C.F.R. § 51.45(b)(2).   Finally, MO P&A can use the information to pursue alternative remedies, including the initiation of legal action.  42 U.S.C. § 15043(a)(2)(A); 42 U.S.C. § 10805(a)(1)(B).

The information being sought by MO P&A is already protected under the PAIMI act and enabling regulations, and MO P&A strictly adheres by these confidentiality requirements.  As such, a protective order is not necessary.

WHEREFORE, for all the foregoing reasons, MO P&A requests that this Court Deny Defendant's Motion for Protective Order, and for any other relief deemed just and appropriate.

Respectfully Submitted,


/S/  MATTHEW L. GROSSMANN # 58800MO
Staff Attorney II
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
Overland, MO  63114
(314) 785-1702 ext. 222
(314) 785-1707 facsimile
matthew.grossmann@mo-pa.org

/S/ SUSAN K. ECKLES #38641MO
Managing Attorney
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
St. Louis, MO 63114
314-785-1702 Telephone;
314-785-1707  Facsimile
susan.eckles@mo-pa.org E-Mail


**Certificate of Service**

I hereby certify that on this 11th day of January, 2012, the foregoing was filed electronically with the Clerk of the Court to be served on all counsel by operation of the Court's electronic filing system.


/s/ Matthew L. Grossmann